**Michael BLACK, Petitioner—Appellant,**

v.

**Carl M. LARSON, Warden, Respondent—Appellee.**

**No. 01–56813.**

**D.C. No. CV–99–05627–CAS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 22, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before T.G. NELSON, PAEZ and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner–Appellant Michael Black appeals from the district court's denial of his petition for a writ of habeas corpus. Black contends that his trial counsel provided ineffective assistance of counsel when she failed to interview the only two eyewitnesses to the events that led to his conviction for assault with a deadly weapon.

We reverse the district court's denial of the writ. We conclude that the failure to interview these witnesses falls below an objective standard of reasonable representation, and that it is reasonably probable that the jury would have reached a different verdict had they heard the witnesses' testimony. We hold that, under the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996) ("AEDPA"), the state court unreasonably applied the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 684–95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when it denied Black's ineffective assistance of counsel claim. *See*

*Williams v. Taylor,* 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143, 1152–54 (9th Cir.2000).

## A. Ineffective Assistance of Counsel

### 1. Arteaga

■ Trial counsel's failure to adequately investigate Arteaga's potential to exculpate Black constitutes deficient performance. *See Hart v. Gomez,* 174 F.3d 1067, 1070 (9th Cir.1999). Although generally we defer to counsel's decision not to proffer a witness at trial, that decision is entitled to less deference when the attorney fails to interview the witness. *Lord v. Wood,* 184 F.3d 1083, 1095 (9th Cir.1999) (noting that counsel cannot make judgments about the credibility and appearance of a witness without "looking him in the eye and hearing him tell his story."). Douglas Arteaga's statements that he did not see a weapon on Black either during the incident or later were directly relevant to whether Black had a weapon, which was central to the charge of assault with a deadly weapon. Evidence contradicting Abea's testimony that Black had a knife would have been critical to contesting that charge.

We reject the State's reasoning that defense counsel's decision not to interview Arteaga was reasonably based on her belief that he would not make a good appearance because he had been on juvenile probation, had gone to juvenile probation camp, and "probably looked like a gang member." *See Avila v. Galaza,* 297 F.3d 911, 2002 WL 1602508, *5–7 (9th Cir. July 22, 2002) (holding that concern that witnesses might not make the best appearance at trial was not a valid basis to fail to interview them); *Lord,* 184 F.3d at 1095 (explaining that the decision as to whether

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the testimony of a witness could benefit the defense at trial cannot reasonably be made until counsel has interviewed the witness).

Black's counsel made the decision that Arteaga was not a credible witness prematurely. Neither she nor her investigator had spoken to Arteaga when she decided not to call him as a witness. Her assumptions about Arteaga's appearance and the value of his testimony may have changed had she interviewed him. *See id.* at 1095. Without seeing him or hearing his account, there was no reasonable basis for concluding that his testimony was valueless to Black's defense. *Id.*

■ The State's argument lacks merit that Arteaga's version of the incident was so distinct from Abea's, and so self-serving, that it would have harmed Black's defense. Arteaga's declaration is consistent with the understandings of two of the other three people at the scene: Alvarado and Black. His testimony would have bolstered the testimony Alvarado could have given about the absence of a weapon. Moreover, Arteaga's statements are not self-serving because he had no strong ties to Black.

■ Finally, defense counsel's remaining reason for failing to interview Arteaga—that she made several attempts but could not reach him by telephone—is not compelling. She did not send an investigator to the address on the police report, or make any other attempts to contact him. *See Rios v. Rocha,* 2002 WL 1760585, * 12–13 (9th Cir. July 31, 2002); *see also Sullivan v. Fairman,* 819 F.2d 1382, 1386–87, 1391–92 (7th Cir.1987). Subsequent investigators succeeded in contacting him despite a significant passage of time.

### 2. Alvarado

We also hold that defense counsel did not provide effective assistance when she failed to interview Jose Alvarado, the only other eyewitness to the altercation. In a declaration submitted to the district court, Alvarado stated, like Arteaga, that he did not see a weapon in Black's hands during the incident. Defense counsel knew of Alvarado's potentially exculpatory testimony because the police report highlighted his statement that he saw no weapons. *See Lord,* 184 F.3d at 1093–94; *Hart,* 174 F.3d at 1071.

■ The State's justifications for defense counsel's failure to interview Alvarado are unconvincing. First, the State's contention that trial counsel did not decline to interview Alvarado is not persuasive. Trial counsel made no attempt to contact Alvarado after her investigator received a call from Abea saying that Alvarado would not answer any questions regarding the incident. In light of the importance to the defense of Alvarado's statements, it was incumbent upon his counsel to go beyond the third-party representations of Abea and ascertain from Alvarado whether he would consent to an interview. *See Avila,* 297 F.3d 911, 2002 WL 1602508 at *6; *see also Sullivan,* 819 F.2d at 1391–92.

Second, the State's contention lacks merit that defense counsel reasonably relied on the police report as an adequate indicator of Alvarado's potential as a witness. The State asserts a strategic rationale for the failure of Black's counsel to interview Alvarado: that Alvarado's testimony would have supported the carjacking charge by corroborating Abea's testimony that Black shouted "Get out of the car." The police report does not support the State's argument. It shows only that Alvarado did not see Black approach, and emphasizes that Alvarado "did not see any weapons on either of the suspects." This statement, if believed by the jury, would

have undermined the prosecution's theory that Black was attempting to carjack the truck, and would have bolstered the defense argument that the incident was no more than a verbal altercation.

■ Finally, the State's argument that Alvarado was a faulty witness who would not have been as credible as Abea does not affect our decision. Even if Alvarado was frightened, anxious, and stressed by the proceeding, had a "poor, faulty memory" and did not have "much of a present recollection of anything related to this case," these conclusions do not alter the fact that Alvarado made consistent statements over time that he did not see Black carrying a weapon. He made those statements to the police, in the state evidentiary hearing, and later to investigators who interviewed him in connection with Black's habeas petition.

In sum, it was not reasonable for defense counsel to decide not to interview Alvarado, and to have terminated any attempts to contact him after Abea's phone call to the investigator.

**B.  Prejudice**

■ We conclude that Black was prejudiced by his counsel's performance because there is a reasonable probability that the jury "would have had a reasonable doubt respecting guilt" had his counsel interviewed and called as witnesses Alvarado and Arteaga. *See Strickland,* 466 U.S. at 695. The only witness for the prosecution was Abea. Had either Alvarado or Arteaga testified, the jury would have heard statements that contradicted Abea's account from another eyewitness who was not directly involved in the confrontation. The consistency of their accounts on the critical

issue for the defense, when the two witnesses were unknown to one another and had no apparent motive to testify falsely, may well have bolstered their credibility in the eyes of the jury. Because defense counsel did not interview these witnesses, there was no opportunity for the jury to evaluate their testimony. That the jury deliberated for three days indicates that this was a close case.

The absence of these two eyewitnesses' testimony undermines our confidence in the result. We conclude, therefore, that the error was prejudicial, and constituted an unreasonable application of *Strickland* under § 2254(d).

REVERSED AND REMANDED.